UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNELL TIMOTHY WILLIAMS,

Plaintiff,

v.

PATRICK GLEBE, THOMAS GARY BOHON, ERIC JACKSON, LIZA ROHRER, BERNARD WARNER, STACEY HALVERSON,

Defendant.

CASE NO. C12-5796 RBL/KLS

ORDER TO SHOW CAUSE

On November 14, 2012, Plaintiff filed a motion for summary judgment. ECF No. 30. On the same day, Plaintiff filed a motion for leave to "submit additional grounds" for relief. ECF No. 31. In the latter motion, Plaintiff primarily seeks to amend his complaint by adding argument and documentary evidence to support his original claims. He also seeks to add a new legal claim under the Washington Constitution and to seek declaratory, compensatory and punitive money damages, and costs under 42 U.S.C. 1988. *Id.* at 5-6. Finally, he asks that the Court grant the motion for summary judgment on his original complaint. *Id.* at 6. On November 19, 2012, Plaintiff filed a second motion to "submit additional grounds" seeking to include more allegations. ECF No. 34. Plaintiff has not provided the Court with a proposed amended complaint.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 15(a), "[a] party may amend the party's pleading once as a matter of course within 21 days after serving it, or 21 days

after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires.  Fed.R.Civ.P. 15(a)(1)(A)(B) and (2).  After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

Plaintiff did not submit a proposed amended complaint for the Court's review.  Without a proposed amendment, the Court is unable to determine the scope and nature of Plaintiff's claims or if he intends to amend or supplement the allegations contained in his original complaint.  Therefore, the Court will withhold ruling on the substance of the additional grounds and relief contained in Plaintiff's motion unless and until he submits a proposed amended complaint for the Court's review.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in itself without reference to the prior or superseded pleading.  All causes of action alleged in the original complaint that are not alleged in an amended complaint are waived.  *Forsyth,* 114 F.3d at 1474.  Therefore, if Plaintiff chooses to file an amended complaint, his motion for summary judgment, which is based on the claims in his original complaint, will be moot.  The Court will not rule on the motion for summary judgment while a motion to amend is pending.

Therefore, Plaintiff is **ORDERED** to advise the Court if he wishes to pursue the claims set forth in his original complaint (ECF No. 5) or if he wishes to file a proposed amended

complaint. If Plaintiff chooses to file an amended complaint, he must provide the Court with an amended complaint that is complete in itself. He must provide "a short and plain statement of the claim" as required by Fed.R.Civ.P. 8. In the amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this claim). See *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed. Additional factual or legal argument is not necessary. The amended complaint should consist of a short, plain statement on the claims, the basis, and the relief sought. Fed.R.Civ.P. 8(a).

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will

not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

Accordingly, it is **ORDERED:**

(1)  **On or before December 14, 2012,** Plaintiff shall either file his proposed amended complaint **or** advise this Court in writing that he will pursue the claims set forth in his original complaint.

(2)  Plaintiff's motions to submit additional grounds (ECF Nos. 31 and 34) are **DENIED.**

(3)  Plaintiff's motion for summary judgment (ECF No. 30) is **STAYED pending further Order of this Court.**

(4)  The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 30th day of November, 2012.

Karen L. Strombom
United States Magistrate Judge