UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNELL TIMOTHY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK GLEBE, THOMAS GARY BOHON, ERIC JACKSON, LIZA ROHRER, BERNARD WARNER, STACEY HALVERSON,<br><br>Defendant. | CASE NO. C12-5796 RBL/KLS<br><br>ORDER DENYING MOTIONS TO AMEND AND DIRECTING PLAINTIFF TO SUBMIT NEW AMENDED COMPLAINT |

Before the Court are Plaintiff's motions to amend. ECF No. 39 and 42. The motion shall be denied. However, Plaintiff shall be given one more opportunity to submit an amended complaint in accordance with the Court's instructions. If he fails to do so, this matter shall proceed on Plaintiff's original complaint. Until Plaintiff submits an amended complaint in accordance with the Court's instructions or this matter goes forward on the original complaint, Defendants need not respond to any motions. Additionally, Plaintiff's motion for summary judgment (ECF No. 30) shall be stricken. Plaintiff may re-file his motion after it has been determined which complaint shall govern this action.

## BACKGROUND

On September 7, 2012, Plaintiff filed a Civil Rights Complaint under 42 U.S.C. § 1983 and the Defendants' filed their Answer on November 6, 2012. ECF No. 5 and ECF No. 28, respectively. Simultaneously, Plaintiff filed a Motion and a Motion for Summary Judgment. See ECF No. 30. In addition, Plaintiff has regularly filed letters he has written to Department of

1  Corrections staff, as well as two motions he has named "To Submit Additional Grounds

2  Statement of Claim." ECF No. 31, 34, and 34-1.

3  On November 30, 2012, the day Defendants' response to the motion for summary

4  judgment was due, the Court denied Plaintiff's motions to submit additional grounds (ECF Nos.

5  31 and 34) and stayed Plaintiff's motion for summary judgment. ECF No. 37. Also, in its Order

6  to Show Cause, the Court explained, in detail, what was required for a proper complaint and

7  ordered Plaintiff to inform the Court whether he was maintaining his summary judgment motion

8  on his original complaint or whether he intended an amended complaint. Further, the Order

9  included that Plaintiff must submit a proposed amended complaint to allow the Court to rule on

10 his Motion. *Id.*

11 A motion to amend filed by Plaintiff on November 28, 2012 (ECF No. 30) was denied as

12 moot as it did not comply with the instructions set forth by the Court in its Order to Show Cause.

13 Although Plaintiff's present motions (ECF Nos. 39 and 42) are styled as motions to

14 amend, it appears that he intended them to be his proposed complaint.

15 **DISCUSSION**

16 A party may amend its complaint with the court's leave, and leave shall be freely given

17 where "justice so requires." *Theme Promotions, Inc. v. News America Marketing FSI*, 546 F.3d

18 991, 1010 (9th Cir.2008) (citing to Fed. R. Civ. P. 15). Although the courts apply this policy

19 liberally, leave to amend will not be granted where an amendment would be futile. *Id.* (citing

20 *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987)); *Johnson v. American

21 Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir.1987) ("courts have discretion to deny leave to amend a

22 complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary

23 judgment."); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) ("any

24

amendment would have been futile in that it could be defeated on a motion for summary judgment").

Although leave to amend pleadings may be granted regardless of the length of time of delay by the moving party, a Court is within its discretion to deny amending a complaint absent a showing of bad faith by the moving party or prejudice to the opposing party. *See United States v. Webb*, 655 F.2d 977 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

**A.   Motion to Amend – ECF No. 39**

This motion is similar to Plaintiff's previous motion (ECF No. 38) albeit with a different title. This Court denied the previous motion as moot. ECF No. 40. Similarly, this motion, which does not comply with the Court's Order to Show Cause shall be denied as moot.

**B.   Motion to Amend – ECF No. 42**

In his original complaint, the Plaintiff alleged civil rights violations based on the equal protection clause of the Fourteenth Amendment of the U.S. Constitution. ECF No. 5 at 9, lines 20-27. He sought the following relief: a court order to amend his custody classification and to "[e]xpose this clear act of racism, to the head of the Department of Corrections." *Id*. at 4 and 10. The only change in his legal claims is to add the state constitution as a basis in addition to the Fourteenth Amendment of the U.S. Constitution. ECF No. 42 at 18; see also *Id.* at 9, line 3, at 13, lines 6-7, at 14 above line 1, and at 15 above line 1 and line 14. In addition, for relief, he seeks to add declaratory and injunctive relief, compensatory and punitive money damages, and costs under 42 U.S.C. § 1988. *Id*. at 18 to 19.

The bulk of the first eight pages of Plaintiff's motion consists of argument and documentary evidence to support his original claims. For example, Plaintiff cites to various sections of the "Civil Rights Book" and law pertaining to Fourteenth Amendment claims. See,

1 e.g., ECF No. 5, pp. 5-6.  This is not a "short, plain statement on the claims, the basis, and the
2 relief sought" as ordered by the Court in compliance with Fed. R. Civ. P. 8(a).  Contrary to the
3 Court's Order, Plaintiff added extensive factual and legal argument to his claims and his
4 damages.

5 In addition, Plaintiff seeks to add claims that the Defendants' actions violated his "rights
6 guaranteed under the Washington's Constitution Article I, § 3, and § 14."  ECF No. 42 at 18,
7 lines 17 to 18 and at 19, lines 1 to 2; see also, at 13, line 18 and at 15, line 24.  Article I, section 3
8 provides that "[n]o person shall be deprived of life, liberty, or property, without due process of
9 law;" and, Article I, section 14 provides that "[e]xcessive bail shall not be required, excessive
10 fines imposed, nor cruel punishment inflicted."  Wash. Const. art. I, § 3 and § 14.  Washington
11 does not have a civil rights act akin to 42 U.S.C. § 1983 and alleged violations of the State
12 constitution are not independently actionable torts.  *Reid v. Pierce County*, 136 Wn.2d 195, 213,
13 961 P.2d 333 (1998); *Spurell v. Black*, 40 Wn. App. 854, 861, 701 P.2d 529 (1985) (Washington
14 due process clause does not constitute an independent cause of action; state may invalidate
15 actions which do not conform with due process but may not award reparations); *Systems*
16 *Amusement v. State*, 7 Wn. App. 516, 500 P.2d 1253 (1972).

17 Washington courts have consistently rejected invitations to establish a cause of action for
18 damages based upon constitutional violations without "the aid of augmentative legislation."
19 *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 591, 36 P.3d 1094, 1102 (2001) citing
20 *Sys. Amusement, Inc. State*, 7 Wn. App. 516, 517, 500 P.2d 1253 (1972); *see also Spurrell v.*
21 *Bloch*, 40 Wn. App 854, 86—61, 701 P.2d 529 (1985); *Reid v. Pierce County*, 136 Wn.2d 195,
22 961 P.2d 333 (1998).   In light of the lack of legislative guidance on the issue, and considering
23 Washington courts' consistent refusals to recognize a cause of action in tort for constitutional
24

violations, a state law constitutional claim cannot stand. Plaintiff may pursue his § 1983 claim under the U.S. Constitution. Denial of the amendments to the complaint of state constitutional claims will not remove any remedies from the Plaintiff in this action.

Defendants concede, and the Court agrees that pages 9 through 19 of Plaintiff's motion (ECF No. 42) comply with the Court's Order and could be removed and placed into a new pleading as Plaintiff's amended complaint (excluding the addition of claims under the state constitution and the request that his summary judgment be granted). The Court agrees.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions to amend (ECF Nos. 39 and 42) are **DENIED.**

(2) Plaintiff's motion for summary judgment (ECF No. 30) is **STRICKEN without prejudice to refiling.**

(3) Plaintiff may submit an amended complaint which includes only pages 9 through 19 of his motion (ECF No. 42) **on or before February 15, 2013, or this matter shall proceed on his original complaint.** In preparing his amended complaint, Plaintiff shall refer to the Court's instructions contained in its previous Order to Show Cause (ECF No. 37). The Clerk shall send a copy of ECF No. 37 to Plaintiff with this Order.

(4) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this  11th  day of January, 2013.

Karen L. Strombom
United States Magistrate Judge