1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNELL TIMOTHY WILLIAMS,

Plaintiff,

v.

PATRICK GLEBE, THOMAS BOHON,
ERIC JACKSON, LIZA ROHRER,
BERNARD WARNER, and STACEY
HALVERSON,

Defendants.

CASE NO. C12-5796 RBL-KLS

REPORT AND
RECOMMENDATION
NOTED FOR:  JULY 11, 2014

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28

U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.  This

matter comes before the court on Defendants' motion for summary judgment.  Dkt. 64.  Having

reviewed Defendants' motion, and the remaining record, the undersigned recommends granting

the motion and dismissing this action.  Plaintiff did not respond to Defendants' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Patrick Glebe,

Thomas Bohon, Eric Jackson, Liza Rohrer, Bernard Warner, and Stacey Halvarson.[1]  Mr.

---

[1] In this Report and Recommendation the undersigned will use the spelling of Defendant Halvarson's name
that Defendants provide rather than Plaintiff's spelling of "Halverson."

1   Williams alleges that a decision to not allow him Minimum Custody levels 1 or 2 was the result

2   of racial discrimination in violation of the equal protection clause of the Fourteenth Amendment.

3   Dkt. 48, pp. 2 and 7.

4        Mr. Williams was classified as camp eligible Minimum Custody level 2 and sent to

5   Stafford Creek Corrections Center with an override to Minimum Custody level 3 until he was

6   cleared by mental health personnel.  Dkt. 48, p. 2.  On June 18, 2012, mental health cleared Mr.

7   Williams for Minimum Custody level 2 work camp.  *Id.*

8        Mr. Williams alleges that in 2009 he had had previous problems with defendant Bohon,

9   Correctional Program Manager at SCCC, regarding minimum custody.  Dkt. 48, pp. 2-4.  Mr.

10  Williams alleges that defendant Bohon opposed his going to a lower level of minimum custody

11  and he alleges that Bohon's decision was racially discriminatory.  Dkt. 48, pp. 7-8.  In 2012, Mr.

12  Bohon did not agree with the decision to send Mr. Williams to a lower custody level.  Dkt. 64-2

13  p. 10.  Mr. Williams case was reviewed and Defendants decided to keep him at Minimum level

14  3.  *Id.*  Mr. Williams states that the other Defendants are either co-conspirators in the racial

15  discrimination, or that they have provided false or incorrect information to help uphold the

16  custody decisions.  Dkt. 48, pp. 7-8.  Plaintiff also included a pendent state constitutional

17  violation by stating that the equal protection claim also violates portions of Washington States'

18  Constitution, but this claim is not cognizable.  Dkt. 48, p. 27.

19       Plaintiff states that a Caucasian inmate who was convicted of First Degree Murder was

20  approved for the lower custody levels and he infers that his convictions cannot be the real reason

21  for the decision to deny him a lower custody status.  Dkt. 48, p. 4.  Plaintiff also alleges that

22  there are 13 Caucasian inmates who are either sex offenders or violent criminals who obtained

23

24

Minimum Custody level 2 status.  Dkt. 48, p. 11.  Plaintiff does not identify who these inmates are or provide any information regarding the criminal history of these other persons.  Mr. Williams contends without, providing evidence to support the allegation, that there are no Black inmates on the Stafford Creek Correction Center work crew.  Dkt. 48, p. 22.

Plaintiff states that defendant Bohon improperly used non conviction data such as allegations of rape and sexual assault to deny him the lower classification and that Defendant Halvarson "falsely suggested" that his convictions or criminal behavior involved sex crimes. Dkt. 48, pp. 6 and 22.  Plaintiff states that a judge "cleared" him of having committed the sexually motivated crimes.  Dkt. 48, p. 6.  Plaintiff also contends that DNA evidence cleared him of the rape allegations.  Dkt. 48, p. 19.

He seeks declaratory relief that Defendants violated his rights, preliminary and permanent injunctive relief to prevent any future violation of his rights, and both compensatory and punitive damages.  Dkt. 48 p. 28.

Minimum Custody 3 offenders are assigned to a major facility that has a double fence perimeter and offenders are not permitted to go outside the prison perimeter.  These offenders do not require intense staff supervision but are still considered to pose a risk to the community. Inmates who are Minimum Custody 2 or 1 (work release facility) are allowed much greater freedom and less supervision as compared to Minimum Custody 3.  Dkt. 64-1 pp. 3-4. Defendants contend that all decisions regarding placement on lower classification levels are made on a case by case basis and that race is not a factor.  Dkt. 64-1 pp. 3-4  ¶¶ 8.

Defendants contend that they consider criminal history and not just conviction data in determining who is eligible for the lowest levels of custody.  Dkt. 64-1, p. 3 ¶ 3.  Plaintiff did not respond and does not contest this assertion of fact in any meaningful way.  Rather, he simply asserts in the complaint that considering this information is improper.  Dkt. 48, pp. 19-20.  In Mr.

1    William's case the Defendants did consider Mr. Williams criminal history and in specific they

2    considered the allegations underlying convictions that involved plea agreements.  Dkt. 64-1, pp.

3    4-5.  In the most recent of these cases Mr. Williams was originally charged with third degree

4    rape under cause number 10-1-09497-7 SEA. Dkt. 64-1, p. 57.  Mr. Williams agreed to plead

5    guilty to third degree assault and unlawful imprisonment.  Dkt. 64-1, p. 29.  Thus, contrary to

6    Mr. William's assertion, the information that is in the record does not show that he was "cleared"

7    of the alleged rape by a judge.  There is not an acquittal or finding of not guilty in the record and

8    Plaintiff did not respond to Defendants' motion for summary judgment.  In addition, the

9    evidence submitted by defendants refutes Mr. William's assertion that the DNA evidence cleared

10    him of the crime and in fact that evidence in the record implicates him.  Dkt. 64-1, p. 64.  The

11    criminal history includes the certificate of probable cause outlining the prosecutions version of

12    the crime.  Dkt. 64-1, p. 71-73.  Prior to his arrest on this charge the state alleged that Mr.

13    Williams followed his victim to Las Vegas and threatened her.  Dkt. 64-1 p. 64.  Thus, the

14    certificate of probable cause includes an indication of stalking behavior.

15        In the second case 04-1-14505-4 SEA the State charged Mr. Williams with second degree

16    assault-domestic violence and felony harassment-domestic violence against his wife.  Dkt. 64-1,

17    pp. 90-93.  The certificate of probable cause contains allegations of a sexual assault and stalking

18    behavior which includes following the victim to a doctor's appointment.  Dkt. 64-1, pp. 90-93.

19    Mr. Williams pled guilty to third degree assault-domestic violence and felony harassment-

20    domestic violence.  Dkt. 64-1 p. 79-84.  Mr. Williams committed these two crimes while he was

21    on probation from California for the crime of attempted second degree murder.  Mr. Williams

22    presence in Washington State was a violation of his California parole.  Dkt. 64-1, p. 93.  The

23    California attempted murder conviction also involved domestic violence.  Dkt. 64-1, p. 94.

24    /

# STANDARD OF REVIEW

Summary judgment pursuant to Fed.R.Civ.P. 56(a) avoids unnecessary trials in cases with no disputed material facts.  *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994).  At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, (1986).  Fed. R. Civ. P. 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over facts material to the outcome of the case; e.g., issues that can only be determined through presentation of testimony and evidence at trial such as credibility determinations of conflicting testimony over dispositive facts.

By clarifying what the non-moving party must do to withstand a motion for summary judgment, the Supreme Court has increased the utility of summary judgment.  First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 593-594 (1986).  No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.  *California Arch. Bldg.*

1   *Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006

2   (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to

3   material fact," if the non-moving party "fails to make a showing sufficient to establish the

4   existence of an element essential to that party's case, and on which that party will bear the

5   burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th

6   Cir.1991) (*quoting Celotex*, 477 U.S. at 322).

7         When the opposing party has the burden of proof on a dispositive issue at trial, the

8   moving party need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v.*

9   *National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  The moving party need only point to matters

10   which demonstrate the absence of a genuine material factual issue.  *Celotex v. Cattret*, 477 U.S.

11   317, 323-24 (1986).  If the moving party meets its burden, the burden shifts to the opposing party

12   to establish genuine material factual issues.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  The

13   opposing party must demonstrate that the disputed facts are material, i.e., facts that might affect

14   the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248; *T.W. Elec. Serv.,*

15   *Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987), and that disputes are

16   genuine, i.e., the parties' differing versions of the truth require resolution at trial.  *T.W. Elec.*, 809

17   F.2d at 631.  There can be no genuine issue as to any material fact where there is a complete

18   failure of proof as to an essential element of the nonmoving party's case because all other facts

19   are thereby rendered immaterial.  *Celotex*, 477 U.S. at 323.  The opposing party may not rest

20   upon the pleadings' mere allegations or denials, but must present evidence of specific disputed

21   facts.  *Anderson*, 477 U.S. at 248.  Conclusory statements cannot defeat a properly supported

22   summary judgment motion.  *Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir.1983).  A

23   verified complaint may be used as an affidavit in opposition to the motion.  *Schroeder v.*

24

1 *McDonald*, 55 F.3d 454, 460 (9th Cir.1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th

2 Cir.1987) (per curiam).

3        The Court does not determine witness credibility.  It accepts as true the opposing party's

4 evidence, and draws inferences most favorable to the opposing party.  *See Anderson,* 477 U.S. at

5 249, 255.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce

6 evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v.*

7 *American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (*citing Celotex*,

8 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary judgment

9 is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995).  On the other

10 hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

11 nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation

12 omitted).  In that case, the court must grant summary judgment.

13 **DISCUSSION**

14      I.     Plaintiff's failure to respond to Defendants' motion for summary judgment

15 regarding equal protection.

16        In his complaint Plaintiff made several statements regarding his criminal history that are

17 directly contradicted by the evidence Defendants placed into the record.  These statements

18 include Plaintiff being cleared of rape allegations and his statement that DNA evidence cleared

19 him of the rape allegation. Dkt. 4, pp 6 and 19.  These facts are material to this action because

20 Defendants considered Plaintiff's criminal history, including the allegations that Mr. Williams

21 criminal activity involved sexual violence, stalking behavior, and crimes committed while on

22 supervision.  Defendants state that these are the reasons that Defendants denied him a custody

23 level that would place him outside of the prison perimeter.  Dkt. 64-2 pp. 2-5.  Defendants' facts

24 refute Plaintiff's allegation that the decision to keep him at Minimum Custody 3 was racially

1   motivated and Defendants provide a valid penological reason for denying Mr. Williams a lower

2   custody level.  Plaintiff has the burden of proving that Defendants intentionally discriminated

3   against him based on his race.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Now

4   that Defendants have contested his allegations he may not rest on his pleadings.  *Anderson v.*

5   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

6           While Mr. Williams stated in his complaint that there are caucasian inmates who are sex

7   offenders or violent offenders on work release he provided no information regarding the criminal

8   history of these persons and he did not contradict Defendants' assertion that the decision as to

9   who will be allowed lower minimum custody levels is made on a case by case basis.  Further,

10  Defendants state that it is proper to rely on an inmate's criminal history and not just conviction

11  data when making decisions as to who will be allowed on the lower custody levels.  Mr.

12  Williams has not responded or come forward with any evidence to refute this statement of fact.

13  The moving party need only point to matters which demonstrate the absence of a genuine

14  material factual issue.  *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).  There can be no

15  genuine issue as to any material fact where there is a complete failure of proof as to an essential

16  element of the nonmoving party's case because all other facts are thereby rendered immaterial.

17  *Celotex*, 477 U.S. at 323.

18          Plaintiff failed to come forward with evidence to support his allegation that race was a

19  factor in the decision to deny him a lower level of minimum custody or that it is improper to

20  consider his full criminal history.  Thus he fails to show that there is an issue of fact precluding

21  summary judgment on his equal protection claim.

22          An equal protection claim under the Civil Rights Act, 42 U.S.C. § 1983, requires, as a

23  necessary element, that Defendants acted with the intent to discriminate.  *Barren v. Harrington*,

24  152 F.3d 1193, 1194 (9th Cir. 1998).  To sustain an equal protection claim under 42 U.S.C. §

1  1983, Plaintiff needs to show purposeful discrimination.  *See Draper v. Rhay*, 315 F.2d 193, 198

2  (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful

3  discrimination").  Mere evidence of disparate impact on minorities is insufficient.  *Village of*

4  *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 256 (1977);

5  *Washington v. Davis*, 426 U.S. 229, 239-40 (1976).  The United States Supreme Court has

6  observed that "showing that different persons are treated differently is not enough without more,

7  to show a denial of Equal Protection."  *Griffin v. County Sch. Bd. of Prince Edward County*, 377

8  U.S. 218, 230 (1964).

9  Mr. Williams' allegations are speculative as to Defendants' motivation for denying him

10  Minimum Custody levels 1 or 2.  Plaintiff failed to respond to the motion for summary judgment

11  and come forward with evidence of intent to discriminate against him based on his race.  The

12  overwhelming evidence is that there were other valid reasons for denying Mr. Williams a

13  custody level that would allow him outside of the prison compound.  Accordingly the

14  undersigned recommends granting Defendants motion.

15  2.  State Constitutional claims.

16  Plaintiff alleges the decision to deny him a lower custody level also violated his State

17  Constitutional rights.  This claim fails as a matter of law.  In January of 2013, when Plaintiff was

18  trying to amend the complaint the undersigned informed him that "Washington does not have a

19  civil rights act akin to 42 U.S.C. § 1983 and alleged violations of the State constitution are not

20  independently actionable torts.  *Reid v. Pierce County*, 136 Wn.2d 195, 213, 961 P.2d 333

21  (1998); *Spurell v. Black*, 40 Wn. App. 854, 861, 701 P.2d 529 (1985) (Washington due process

22  clause does not constitute an independent cause of action; state may invalidate actions which do

23  not conform with due process but may not award reparations); *Systems Amusement v. State*, 7

24  Wn. App. 516, 500 P.2d 1253 (1972)."  Dkt. 47.

1    Given this analysis the undersigned recommends granting Defendants' motion for

2    summary judgment and does not find it necessary to address Defendants' other specific

3    arguments regarding personal participation or qualified immunity.  Dkt. 64 pp. 7-19.

4                                    **CONCLUSION**

5    Defendants have met their burden of demonstrating that there are no genuine issues of

6    material fact and that they are entitled to judgment as a matter of law.  Plaintiff has failed to

7    respond to Defendants' motion and failed to provide evidence to support his allegations.

8    Accordingly, the undersigned recommends that the Court **GRANT** Defendants' motion for

9    summary judgment.  Dkt. 64.

10    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11    **fourteen (14)** days from service of this Report and Recommendation to file written objections

12    thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

13    objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

14    time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration

15    on July 11, 2014, as noted in the caption.

16    **Dated** this 16 day of June, 2014.

17

18

19

20    Karen L. Strombom
      United States Magistrate Judge

21

22

23

24